985 So.2d 1190 (2008)
Joselin JIMENEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-2251.
District Court of Appeal of Florida, Third District.
July 9, 2008.
*1191 Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.
Before SHEPHERD, CORTIÑAS, and SALTER, JJ.
SALTER, J.
Joselin Jimenez appeals a circuit court order vacating his sentence entered pursuant to a plea agreement and re-sentencing him to thirty years in prison. Because the State has been unable to demonstrate that the re-sentencing hearing included sworn testimony in support of the State's allegation that Jimenez violated the requirements of his plea agreement,[*] we reverse the re-sentencing judgment with directions. On remand, the trial court is to set a further hearing for the determination of Jimenez's motion to withdraw his plea and the State's allegations that Jimenez violated the written plea agreement.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[*] In the proceedings below, no transcript could be located or prepared for the re-sentencing hearing. As agreed by counsel for Jimenez and the State, we relinquished jurisdiction so that the record of that hearing could be reconstructed. Unfortunately, the reconstruction was heard by a different trial judge, did not provide any confirmation that the applicable detective testified under oath to Jimenez's violation of the plea agreement, and was therefore inconclusive. A second hearing on the parties' motions (a "do-over," in simplest terms) would have saved all involved a great deal of time (well over a year) and effort after it became clear that a transcript could not be prepared. Alternatively, the State could have presented the testimony of the detective familiar with the alleged violations at the reconstruction hearing. The briefs and oral argument in this case provided no explanation why these obvious and efficient alternatives were not pursued.